

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-5-2003

# Schomer v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1643

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Schomer v. Comm Social Security" (2003). *2003 Decisions.* Paper 131.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/131

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1643
_____

MARY M. SCHOMER,

Appellant

v.

THE COMMISSIONER OF
SOCIAL SECURITY

_____

Appeal from the United States District Court
For the Western District of Pennsylvania
D.C. No.: 02-cv-00776
District Judge: Honorable Alan N. Bloch
_____

Submitted Under Third Circuit LAR 34.1(a) October 22, 2003

Before: ALITO, FUENTES, and ROSENN, Circuit Judges

(Filed : November 5, 2003)

_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

Having exhausted all of her administrative remedies in her claim for

Supplemental Security Income (SSI) benefits, including two hearings before two separate

Administrative Law Judges (ALJ), Mary M. Schomer, appellant, brought this civil action against the Commissioner of Social Security in the United States District Court for the Western District of Pennsylvania pursuant to § 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner denying her claim for SSI benefits. The District Court entered summary judgment for the Commissioner affirming the final decision of the Commissioner. The claimant timely appealed. We affirm.

I.

The appellant raises two major issues in her appeal. The first issue is whether the findings by the ALJ in his decision were supported by substantial evidence, especially the findings with regard to the claimant's disability and residual functional capacity (RFC). The second is whether the Appeals Council denied appellant her constitutionally protected due process by taking thirty-six months to render a decision on her request for a review.

Turning to the primary issue, whether the District Court erred in entering judgment for the Commissioner on the findings of the ALJ that Schomer's disabilities and RFC were supported by substantial evidence, the facts are well known to the parties and we will not review the evidence of Schomer's many illnesses and disabilities. Suffice it to say that SSI benefits are not only dependent upon the claimant's disabilities but of equal importance, on the claimant's functional limitations arising out of those disabilities.

2

Under the Act, to be eligible for SSI, a claimant must not only have a medically determinable physical or mental impairment that is severe, but the impairment must also be of sufficient severity to prevent her from engaging in any substantial gainful activity that exists in the national economy. 42 U.S.C. § 1382c(a)(3); Petition of Sullivan, 904 F.2d 826, 845 (3d Cir. 1990) (holding that claimant must show not only a diagnosed impairment but also functional limitations that preclude working). The impairment must be expected to result in death or to have lasted or to be expected to last for a continuous period of not less than twelve months to qualify as an impairment under the Act.

In addition, to be disabling, the impairment must have resulted in an inability to engage in any substantial gainful activity that has lasted or is expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). The Act specifically requires that for an impairment to be disabling, it must be of such severity that a claimant is not only unable to do her previous work but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work. 42 U.S.C. § 1382c(a)(3)(B). Objective medical evidence which supports a claim of disabling pain or disabling limitations is central to disability determinations.

The record shows that the ALJ carefully considered the existence of Schomer's

3

medical treatment and disabling conditions and the limitations resulting therefrom. The ALJ found that she had severe impairments of anxiety disorder and depression, low back pain, leg pain, shortness of breath, shoulder pain, bilateral carpal tunnel syndrome, and status-post four-way coronary bypass surgery, and that she accommodated those impairments by imposing several work-related limitations and numerous restrictions.

The troublesome problem, which appellant seems to overlook, is the effect her impairments have had in precluding her from performing a limited range of light work that accommodated all of her limitations. The vocational expert, in response to the ALJ's hypothetical questions which embraced the description of the disabilities, identified several jobs that Schomer could perform with all of the limitations and restrictions imposed on her. The ALJ's finding that appellant was capable of, but limited to, the work specified by the vocational expert is well supported by the evidence of Dr. Jabbour, the claimant's family physician. Dr. Jabbour found that Schomer had satisfactory range of motion in all of her joints, no motor deficits, normal sensation and deep tendon reflexes, and intact cranial nerves. Dr. Tran and Dr. Kumar both opined that claimant was capable of at least the range of work specified by the ALJ. There is no medical evidence that the appellant required significant treatment for her cardiac condition after the period adjudicated. She was never referred to a chronic pain specialist or a chronic pain program or submitted to a work hardening program. Pain can also be constant and uncomfortable without being disabling.

4

The ALJ also provided for any mental limitations Schomer may have had by limiting her to simple, routine work with limited interaction and stress, limitations quite consistent with the reports and opinions of Drs. Link, Golin, and Detore, not one of whom opined that claimant was disabled. Appellant was never hospitalized because of her complaints of mental impairment and she did not regularly use antidepressant medication. Moreover, she was independent and able to take care of her personal needs and, for much of the time involved in the period in dispute, was the caretaker of her young granddaughter. The ALJ found that she was able to carry on her personal life without very much discomfort, including cooking, housecleaning, laundry, and making beds. She acknowledged that she could lift a gallon of milk without difficulty and that she could sit for a couple of hours at a time. Her principal problem is in bending, stooping, crouching, or crawling to get back up once she got down. She testified that her principal difficulty with her arms was in pulling and lifting them over her head without feeling some strain on her shoulders.

Recognizing all of the appellant's disabilities, the ALJ therefore limited her ability to work with those impairments to light work that could be performed by an individual who acquired a sit or stand option; who could not climb; who could do no more than occasionally perform other postural movements; who had to avoid temperature extremes; who could only perform simple, routine work; which involved limited contact with the public.

5

We see no error in the ALJ's evaluation of the record or in the District Court's affirmation of the Commissioner's decision. Substantial evidence supports their findings and decision.

## II.

As for the appellant's complaint that she was denied due process because of the lengthy delay of the Appeals Council in disposing of her request for review, we are constrained to reject it. We are distressed by the undue length of time that the Commissioner took to dispose of this appeal, but we also recognize the overwhelming task that confronts her because of the numerosity of appeals. The Commissioner represents to this court that as of March 1997, "there were 110,152 requests for review pending at the Appeals Council." That is an enormous number of cases to resolve with reasonable promptness. We decry the lamentable delay in the disposition of this case, but in light of the result we have reached, the appellant has not suffered any prejudice by the Appeals Council's delay. Moreover, if there is to be any improvement in the prompt disposition of cases by the Appeals Council, such matter is for Congressional consideration and not judicial determination.

For the reasons set forth above, the decision of the Commissioner is affirmed. Each side to bear its own costs.

TO THE CLERK:

Please file the foregoing opinion.

/s/ Max Rosenn
Circuit Judge